### Edward B. Leigh v. Henry D. Laughlin.

#### Gen. No. 12,016.

1. Corporate stock—*when equity will order conveyance of.* Where it appears that corporate stock has been held by one in trust for another or others until certain undertakings have been performed, upon the performance of such undertakings equity will enforce the conveyance of such stock by the trustee to the rightful owner.

Bill to compel transfer of stock. Appeal from the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Affirmed. Opinion filed December 8, 1905.

**Statement by the Court.** This is a bill in equity filed by appellee, who seeks to compel the transfer to himself of 845 shares of stock of the National Hollow Brake Beam Company standing in the name of appellant. It is alleged that the stock in controversy was transferred to appellant as trustee about March 6, 1890, to secure payment of certain notes made by appellee payable to one Sarah Hein, from whom appellee purchased the 845 shares in question; that the notes were fully paid about April 1, 1901, and surrendered to appellee wholly discharged and canceled, notwithstanding which appellant still retains the shares in controversy and refuses to transfer them to appellee, the rightful owner. The bill avers that appellant Leigh holds no interest, legal or equitable, in said shares or any of them, and prays that he may be required to transfer them to appellee Laughlin and for an injunction restraining appellant from voting said shares or any of them at a stockholders' meeting of the National Hollow Brake Beam Company.

The answer of appellant denies that the 845 shares were transferred to him to secure payment of said debt to Sarah Hein "and for no other purpose," denies that appellee is their rightful owner, asserts that appellant holds the shares to secure performance of certain agreements and obligations of appellee to appellant, and that appellant has a legal and equitable interest in said shares. The answer further sets out in some detail the relations between the National Hollow Brake Beam Company and the Chicago Railway Equipment Company, the terms of a lease from the former to the latter, and an alleged understanding or contract between appellant and appellee with reference to the readjustment of the rental under said lease and the acquisition of outstanding stock of the Brake Beam Company and other corporations for the joint benefit of the appellant and appellee, the proceeds, including Brake Beam Company's stock, to be divided equally between them.

The master to whom the cause was referred reported that up to the first of February, 1900, the 845 shares in controversy were treated and regarded by both parties as the property of appellee Laughlin; that June 20, 1900, an open breach occurred between him and appellant Leigh over matters not here involved, after which no further arrangement or agreement was made between them in any way affecting or changing the ownership of said stock. The master concludes that said 845 shares standing on the books of the National Hollow Brake Beam Company in the name of appellant Leigh are, in fact, the property of appellee Laughlin, and that the latter is entitled to a decree so finding and directing appellant to assign and deliver said stock to appellee. The decree is substantially in accordance with the master's findings.

JOHN P. AHRENS and DAVID S. GEER, for appellant.

EDDY, HALEY & WETTEN and SHOPE, MATHIS, ZANE & WEBER, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court. It is said by appellant's counsel that they invoke in this

cause in their client's behalf the principle that one seeking equity must do equity, and that appellee has not made good by proofs the averment of his bill that appellant "holds no interest, legal or equitable," in the shares in question or any of them. The nature of the controversy between these parties, of which this litigation is an offshoot, is sufficiently set forth in the statement and opinions of this and the Supreme Court in the case reported in the 112 Ill. App. 119, and 211 Ill. 192. It is clearly established by the evidence in the present case that appellee purchased the shares in controversy of one Sarah Hein in part for cash, and that he gave his own notes to secure the balance of the purchase money; that to secure said notes the 845 shares of National Hollow Brake Beam Company stock were transferred to appellant Leigh to be held by him as trustee to secure the payment of the purchase money notes of appellee to said Sarah Hein, and that appellant had no further title to them or right to retain them other than as such trustee; that appellee Laughlin paid the said notes, and they were returned to him by Mrs. Hein canceled and discharged. Thereupon Laughlin became and was entitled to have the 845 shares in controversy transferred to him by Leigh. Probably this would have been done by Leigh without any question prior to the falling out between them, which occurred some time prior to the time when Laughlin paid the said notes and so became entitled to receive the shares. Indeed, it is not, so far as appears, seriously disputed by appellant that the stock was transferred to and held by him merely in trust to secure payment of said notes or that Laughlin bought and paid for and owned the shares himself.

It is, however, now claimed by appellant that Laughlin acquired such stock as well as other stock in said company for the joint benefit of both parties and pursuant to an arrangement between them made in 1898. But Leigh himself has testified that he constantly treated the 845 shares of stock in question as belonging to Laughlin from the time it first came into his hands, and the master finds that

even if any such arrangement as appellant Leigh claims had been made in 1898, it could have covered only such stock as was thereafter to be acquired, and did not in any way affect the stock then held and owned by either of the parties. The dispute as to· the ownership of the after-acquired stock has been settled adversely to appellant in· the case above referred to, and as to the 845 shares it appears, as the master finds, that dividends accruing thereon were credited by Leigh to Laughlin upon a statement made by Leigh in February, 1900, in which the shares are treated and reported by Leigh as appellee's property. While the title to the 845 shares now in controversy was not directly involved or adjudicated in the case above cited, the claim of appellant to an interest in appellee's holdings of National Hollow Brake Beam Company's stock which was based upon the same or a similar alleged understanding and contract between the parties as that here again set up, was there finally disposed of. The reasons for the conclusion in that cause by this and the Supreme Court are applicable substantially to the contentions here and lead to a like conclusion as to the ownership of the 845 shares now in question.

We do not regard it as necessary to have made Sarah Hein a party to the bill. She claims no interest in the stock and the evidence of payment of the notes originally secured by the 845 shares is not disputed or questioned. Appellant does not base his claim to be entitled to retain the stock upon any such ground.

We deem it unnecessary to review the evidence more fully. The nature of the controversy between these parties from which the suit has arisen having been stated fully in the former opinion of this court and that of the Supreme Court above cited, no occasion exists to follow counsel in re-argument of questions there disposed of.

The decree of the Superior Court must be affirmed.

*Affirmed.*